IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 2000 Session

## KELLYE WAIR WILSON v. PAUL DAVID WILSON

**Appeal from the Circuit Court for Davidson County**
**No. 95D-3581    Muriel Robinson, Judge**

---

**No. M1999-02045-COA-R3-CV - July 31, 2000**

---

This is an appeal from the trial court's refusal to modify Mr. Wilson's child support obligation after he was terminated from his place of employment. We reverse the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Reversed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

Dana C. McLendon III, Franklin, Tennessee, for the appellant, Paul David Wilson.

D. Scott Parsley, Nashville, Tennessee, for the appellee, Kellye Wair Wilson.

**OPINION**

In 1996, Ms. Wilson was granted a divorce from Mr. Wilson on the grounds of inappropriate marital conduct on Mr. Wilson's part. The parties had one child. In the final decree of divorce, Ms. Wilson was granted primary custody of the child and Mr. Wilson was ordered to pay $1,135.00 in child support per month and to pay the child's insurance premiums as well as all uninsured medical and dental expenses. At the time of the divorce decree, Mr. Wilson was employed as the business manager of a car dealership and earned $121,562.65 that year.

In October of 1998, Mr. Wilson's employment was terminated after accusations that he sold extended warranties to customers and failed to tender the proceeds from those warranties to the car dealership. Mr. Wilson subsequently filed a petition requesting a termination or reduction in child support until he is able to obtain new employment.

A hearing was held in May of 1999 on the issue of reduction of child support and any arrearages due and owing to Ms. Wilson. Mr. Wilson, the only witness at the hearing, testified regarding the state of his finances since the termination of his employment in October of 1998. In

January of 1999, Mr. Wilson accepted a job with another car dealership in the sales and leasing department. This job had a salary guarantee of only $4,000.00 per month. This salary guarantee effectively meant that if Mr. Wilson did not earn the entire $4,000.00 in commissions, the car dealer would loan Mr. Wilson the difference between the amount actually earned and the $4,000.00 guaranteed salary. At the time of trial, Mr. Wilson had borrowed a total of $7,200.00 from the car dealership based on this salary guarantee and had earned an additional $9,544.13 in commissions. Mr. Wilson testified that he was unable to afford to pay his current household expenses and other bills. In addition, Mr. Wilson had taken out a second mortgage on his home and was behind on the mortgage payments. He also testified that he had charged the maximum allowable amount on at least one of his credit cards and had obtained a personal loan for $15,000.00.

After hearing the proof, the trial court issued an order finding that Mr. Wilson owed child support arrearages in the amount of $8,220.00. The trial court further found that Mr. Wilson was "the maker of his own financial troubles as a result of his dishonest actions at his former place of employment" and denied Mr. Wilson's request for a termination or reduction in child support. Mr. Wilson now appeals.

We first note that our review of a child support order is de novo on the record. The trial court's findings of fact are presumed correct "unless the preponderance of the evidence is otherwise." Tenn. R. App. P. 13(d). No presumption of correctness attaches to the trial court's conclusions of law. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995).

In a case involving the modification of a child support order, the proper standard is the "significant variance test" adopted by the General Assembly in 1994. *Turner v. Turner*, 919 S.W.2d 340, 342-43 (Tenn. Ct. App. 1995). The statute provides that

> In cases involving child support, upon application of either party, the court shall decree an increase or decrease of such allowance when there is found to be a significant variance, as defined in the child support guidelines . . . between the guidelines and the amount of support currently ordered unless the variance has resulted from a previously court-ordered deviation from the guidelines and the circumstances which caused the deviation have not changed.

Tenn. Code Ann. § 36-5-101(a) (Supp. 1999).

The child support guidelines are promulgated by the Department of Human Services and are generally based on a flat percentage of the obligor's net income. A significant variance between the amount set out in the guidelines and the current support obligation is defined as "at least 15% if the current support is one hundred dollars ($100.00) or greater per month" and "[s]uch variance would justify the modification of a child support order unless, in situations where a downward modification is sought, the obligor is willfully and voluntarily unemployed or underemployed." Tenn. Comp. R. & Regs. 1240-2-4-.02(3). Where an obligor is willfully and voluntarily unemployed or underemployed, child support is calculated based on a determination of potential income as

evidenced by the obligor's educational level and/or previous work experience. Tenn. Comp. R. & Regs. 1240-2-4-.03(d).

In the case at bar, the evidence established that at the time of the divorce decree Mr. Wilson was earning approximately $10,130.00 per month. However, at the time of trial, Mr. Wilson was earning only $4,000.00 per month. Clearly there was a significant variance in Mr. Wilson's income.

We must next determine if, in spite of the significant variance in Mr. Wilson's income, such variance is a result of willful and voluntary unemployment or underemployment. The evidence established that Mr. Wilson's employment was terminated after accusations that he sold warranties to customers and failed to render the proceeds of those warranties to his employer. Although Mr. Wilson had not been indicted as of the time of the trial, exhibits to the appellate record establish that he later pled guilty to several counts of theft of property. Ms. Wilson contends that, because Mr. Wilson's criminal actions were willful and voluntary, he is willfully and voluntarily underemployed.

We do not think that any time an obligor parent is fired for misconduct he or she is willfully unemployed under that provision of the child support guidelines. Although there is no requirement that a parent intended to avoid their child support obligations by their actions, we do think that willful or voluntary unemployment or underemployment must result from an intent on the part of the parent to reduce or terminate his or her income. *See Ralston v. Ralston*, No. 01A01-9804-CV-00222, 1999 WL 562719 at ftn. 1 (Tenn. Ct. App. Aug. 3, 1999). There is nothing in the record to indicate that Mr. Wilson intended to lose his job when he committed these criminal acts, and the record establishes that he had little or no choice in taking a lower paying job after the allegations of theft were made against him. Furthermore, there is no evidence that he took a lower paying job in order to escape his child support obligation. In light of the foregoing, we find that the record does not support a finding that Mr. Wilson was willfully or voluntarily unemployed or underemployed. Consequently, the trial court's award of child support based on Mr. Wilson's potential income rather than his actual income is reversed.

At trial, Mr. Wilson testified that he was earning $4,000.00 per month in income. However, there was no specific finding of fact made by the trial court regarding Mr. Wilson's actual net income. Therefore, we remand this case to the trial court to determine Mr. Wilson's actual net income and make an award of child support based on this income rather than the income he enjoyed at the time of the divorce. The modification, if any, would relate back to the time Mr. Wilson's petition was filed in November of 1998.

The judgment of the trial court is reversed, and the cause remanded to the Circuit Court for Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellee, Kellye Wair Wilson.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.