IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 31, 2002
**DEBORAH A. COATES v. THOMAS A. COATES**

**Appeal from the Chancery Court for Maury County**
**No. 99-258     Stella A. Hargrove, Chancellor**

---

**No. M2001-01928-COA-R3-CV - Filed November 15, 2002**

---

This appeal arose after the trial court rejected the father's petition to reduce child support. Because the father showed a substantial variance between the amount of child support he was ordered to pay and the amount of child support called for under the guidelines, we reverse the trial court's order denying modification prospectively. Because the court originally awarded support from the father's property, we affirm the denial of modification of that portion of the child support award.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed in Part, Reversed in Part and Remanded**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and WILLIAM C. KOCH, JR., J., joined.

Thomas A. Coates, Lexington, Kentucky, Pro Se.

Delilah Ann Speed, Columbia, Tennessee, for the appellee, Deborah A. Coates.

**OPINION**

The parties were divorced by order entered June 26, 2000, and custody of their two children, who were 13 and 7 at that time, was awarded to Deborah Coates ("Mother"). At the time of the divorce, Thomas Coates ("Father") was incarcerated in federal prison in Kentucky for drug trafficking. The court later distributed the parties' assets and set child support. In that order, the court found Mother earned $24,000 per year as a cosmetologist and that she was also a substitute teacher. The court also found that prior to Father's incarceration he was a professional gambler, that he had 182 months remaining on his 200 month sentence, and his monthly wages in prison were $5.00. Father had reported earnings of $51,000 to $80,000 during a three-year period prior to his incarceration. The court found it was equitable to calculate child support based upon a determination of Father's potential income "as evidenced by previous work experience, i.e., gambling, and finds that annual gross receipt of $80,000 is the proper calculation." Using the child support guidelines, the court set Father's child support obligation at $1,497 per month based on an income of $80,000. The award was to be reviewed when the older child reached majority.

The court awarded virtually all personal property owned by the parties to Mother. The court ordered that the marital residence be sold and that one-half of the net proceeds be awarded to Mother. The remaining one-half was to be placed in an account for the purpose of paying Father's child support at the rate of $1,497 per month. The court also ordered that if the account was insufficient to pay support throughout the minority of the younger child "the monthly child support will continue to accrue and collection of same will be enforceable against [Father]." Any balance remaining after the children reached majority was awarded to Mother as alimony in *solido*.

Father later filed a *pro se* motion seeking modification of the final judgment, which the court treated as a motion to alter or amend pursuant to Tenn. R. Civ. P. 59 and dismissed as untimely. Father did not appeal either the final judgment or the dismissal of his motion. Instead, approximately a month after the court's dismissal, he filed a petition for reduction of child support.

The trial court found there was no change of circumstances to warrant a reduction in child support and dismissed the petition. In addition the court ordered that costs and Mother's attorney fees be paid out of the fund deposited for child support. It is from this judgment that Father appeals.

The applicable standard for determining whether an existing child support order should be modified, as requested by Father in this case, is the "significant variance test" adopted by the General Assembly in 1994. *Turner v. Turner*, 919 S.W.2d 340, 342-43 (Tenn. Ct. App. 1995). This legislation provides that:

> In cases involving child support, upon application of either party, the court shall decree an increase or decrease of such allowance when there is found to be a significant variance, as defined in the child support guidelines established by subsection (e), between the guidelines and the amount of support currently ordered unless the variance has resulted from a previously court-ordered deviation from the guidelines and the circumstances which caused the deviation have not changed.

Tenn. Code Ann. § 36-5-101(a)(1).

Thus, the substantial and material change of circumstances test, applicable to modifications of spousal support, Tenn. Code Ann. § 36-5-101(a)(1), is not the appropriate test, although a request for modification of child support is generally triggered by a change of circumstances.

A significant variance between the guideline amount and the current support order is defined as "at least 15% if the current support is one hundred dollars ($100.00) or greater per month," and "such variance would justify the modification of a child support order unless, in situations where a downward modification is sought, the obligor is willfully and voluntarily unemployed or underemployed." Tenn. Comp. R. & Regs., ch. 1240-2-4-.02(3). The party seeking the modification bears the burden of showing the necessary significant variance. *Turner*, 919 S.W.2d at 345; *Seal v. Seal*, 802 S.W.2d 617, 620 (Tenn. Ct. App. 1990).

-2-

The appropriate amount of support is determined by applying a flat percentage, based on the number of children to be supported, to the obligor parent's net income. Tenn. Comp. R. & Reg., ch. 1240-2-4-.03(5). It is clear that difference between the amount which would be due under the guidelines based on Father's current monthly income of $5.00 and the amount of current support under the court's original order is more than 15%.

Thus, Father has established he is entitled to a reduction of his monthly obligation unless: (1) under the statute, the current amount was the result of a court-ordered deviation from the guidelines amount; or (2) under the guidelines, Father is voluntarily and willfully unemployed or underemployed. When determining the amount of support, the court is required to apply the guidelines as a rebuttable presumption. Tenn. Code Ann. § 36-5-101(c)(1)(A). A deviation from the guidelines must be supported by written findings that application of the guidelines would be unjust or inappropriate and such findings must include the amount of support that would have been ordered under the guidelines and a justification for the variance. *Id*.

The trial court's original order did not make the specific findings set out in the statute. Instead, the court found that it was equitable to calculate support based upon Father's potential income as evidenced by prior work experience. The court's language mirrors that of the guidelines provision which allows the setting of support based upon potential income where an obligor is willfully and voluntarily unemployed or underemployed. Tenn. Comp. R. & Regs., ch. 1240-2-4-.03(3)(d).

However, willful and voluntary unemployment or underemployment must result from an intent to reduce or terminate income. *Wilson v. Wilson*, 43 S.W.3d 495, 497 (Tenn. Ct. App. 2000). This court has rejected the proposition that a parent's dishonest acts which lead to unemployment constitute willful and voluntary unemployment. *Id*. As a logical extension of that principle, we have also held that unemployment or underemployment resulting from incarceration is not willful and voluntary. *Pennington v. Pennington*, No. W2000-00568-COA-R3-CV, 2001 Tenn. App. LEXIS 193, at *13 (Tenn. Ct. App. Mar. 14, 2001) (no Tenn. R. App. P. 11 application filed).

Consequently, we conclude that Father has demonstrated a significant variance under Tenn. Code Ann. § 36-5-101(a)(1) and was entitled to a reduction in his child support obligation.

The reduction of Father's future child support obligation means that he will not accrue arrearages for his inability to pay the support originally ordered. It does not, however, mean that the trial court's order that half of the net proceeds of the parties' residence be used to support the children must be set aside.

> Whether the marriage is dissolved absolutely, or a perpetual or temporary separation is decreed, the court may make an order and decree for the suitable support and maintenance. . . of the children, or any of them, by either spouse **or out of such spouse's property**, according to the nature of the case and the circumstances of the parties . . . .

-3-

Tenn. Code Ann. § 36-5-101(a)(1) (2001) (emphasis added).

We interpret the trial court's order as awarding Father's interest in half the proceeds from the sale of the marital residence as child support. Knowing Father was not available for gainful employment and would remain incapable of earning more than a nominal salary for the duration of his sentence, the trial court awarded child support out of Father's property, in accordance with Tenn. Code Ann. § 36-5-101(a)(1). The fact that the court ordered regular payments from the fund established with the proceeds does not alter the fundamental nature of the order.

Based upon the foregoing analysis, we affirm the trial court's denial of a reduction in support with regard to that portion of the trial court's order awarding Father's half of the proceeds from the sale of the house as child support. We reverse the trial court's order denying a prospective reduction based upon Father's actual income and remand for a determination of his obligation, if any, based upon that current income.

Costs are taxed equally to Appellant, Thomas A. Coates, and Appellee, Deborah A. Coates.

_____
PATRICIA J. COTTRELL, JUDGE