IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 11, 2004 Session

## BARBARA ANN RODGERS (RIGGS) v. CHARLES DUANE RODGERS, JR.

**Appeal from the Circuit Court for Blount County**
**No. E-15522      W. Dale Young, Judge**

**FILED JUNE 11, 2004**

**No. E2003-01902-COA-R3-CV**

Appellant filed a petition to reduce his child support obligation following his loss of employment as a mechanical engineer and his inability to find other employment. Relief was denied, notwithstanding that two children had attained their majority, and the petition was dismissed. Judgment reversed and case remanded.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; Case Remanded**

WILLIAM H. INMAN, SR. J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., E.S. and CHARLES D. SUSANO, JR., J., joined.

Richard Donald Hash, Maryville, Tennessee, for appellant, Charles Duane Rodgers, Jr.

Jerry G. Cunningham and Melanie E. Davis, Maryville, Tennessee, for appellee Barbara N. Rodgers Riggs.

## OPINION

By Order entered June 9, 1999 the Appellant was directed to pay $1280.00 monthly for the support of three children. On October 31, 2001, he filed a petition seeking a modification of the June 1999 order, alleging that he had been laid off from employment and that his income would be unemployment compensation in the amount of $275.00 weekly because he was unable to find employment. He alleged that his loss of employment resulted in a significant variance downwards in his income.

The relief sought was resisted by his former wife, whose answer denied that the Appellant had been laid off and denied that he had sought unemployment. She sought an upward deviation, averring that the Appellant has not paid support for many months, did not exercise co-parenting time

with the children, that his lay off resulted from his inability to get along with others, and that he has the educational background to obtain employment. The Appellant responded that he had paid 32 percent of his net income to his former wife, whose interference with visitation made co-parenting efforts difficult.

The trial judge, *inter alia*, held:

> . . . I'm reluctant to grant relief to parties who come to court with unclean hands, and the hands [Appellant's] are unclean in several aspects. Failure to pay health insurance costs . . . is considered to be an expense in addition to child support. The Order says for each parent to bear one-half of the expense of medicals, that hasn't been done, and so those constitute unclean hands as far as I'm concerned . . . . It's a contemptuous matter really and it leaves the person who does it with unclean hands."

The trial judge declined to modify the support requirement, although holding:

> . . . . after today one child will be considered under the guidelines at the salary that Mr. Rodgers was earning back the last time child support was set.
> I need to make the point, too, that child support is to be set not on what people earn, but on their ability to earn. While Mr. Rodgers tells me that he's tried and tried and tried by the greater weight that he's failed to carry by the greater weight of the proof the fact that he has tried, tried and tried by the mere list of people that you've applied for – jobs for that wouldn't stand to tell the whole story. Is there any matter that I have failed to rule on that I should?

Judgment was entered dismissing the petition, notwithstanding that the trial court recognized that two of the children had attained their majority.

The issue on appeal is whether the trial court erred in dismissing the petition to modify the support payment. Appellate review is *de novo* on the record. The findings of fact are presumed to be correct unless the preponderance of the evidence is otherwise, but no presumption attaches to conclusions of law. Tenn. R. App. P. Rule 13(e); *Carvell v. Bottoms*, 900 S.W.2d 23 (Tenn. 1995).

## The Evidence

The Appellant was graduated from University of Tennessee in 1984 with a degree in mechanical engineering. He was employed as a design engineer with Newport News Ship Building Corporation for three years. He left this job to accompany his wife (Appellee) to New Jersey where she had procured a job. Appellant was employed by GE Aerospace in Camden, New Jersey for two

years. By that time both he and his wife wanted to return to Tennessee. After doing so, he was employed at Aqua-Chem, Inc. in Knoxville until 1991, when he was laid off. He took a temporary job before being employed by Pathway Bellows, as a project manager. From there he went to Atlantic Research Corporation as a program manager, earning $85,000.00 yearly. He was laid off owing to business considerations effective September 17, 2001.

Beginning in September 2001, he submitted a resume to sixty-five (65) prospective employers in Knoxville, Loudon, Oak Ridge, Cleveland, Sevierville, Alcoa, Maryville, Clinton, Greeneville, Rockford, Tri-Cities, and Dayton, Tennessee. He submitted resumes to prospective employers in South Carolina, Alabama and Kentucky. He contacted a host of suppliers, customers and recruiters, and did on-line research. Finally, in January 2002 he began building kitchen cabinets, and was actively engaged in this business at the time of trial, earning substantially less than when he was employed by Atlantic Research Corporation.

The testimony of the Appellant respecting his efforts to secure more gainful employment was not controverted. We note that the remarks of Appellee's counsel, at the beginning of the trial, were disparaging of the Appellant, ["He wouldn't work in a pie factory."] which may have cast a shadow on the perceived worth of his testimony, but a concerted study of the record reveals no indication that the disparagement was justified. The finding of the trial judge " . . . by the greater weight that he's failed to carry by the greater weight of the proof the fact that has tried, tried, and tried by the mere list of people that you've applied for . . ." finds no support in the record which reveals that he submitted resumes to sixty-five (65) prospective employers in four (4) states. If the trial court concluded that the Appellant was willfully unemployed or underemployed we find that the evidence clearly preponderates to the contrary. *See, Wilson v. Wilson*, 43 S.W.3d 495 (Tenn. Ct. App. 2000).

Moreover, the apparent conclusion was preluded by a finding that the clean-hands doctrine was applicable ["I'm reluctant to grant relief to parties who come to court with unclean hands . . . failure to pay health insurance costs . . . constitutes unclean hands as far as I'm concerned . . ."].

The ancient and venerable clean hands doctrine is a maxim of equity. It has reference to a *plaintiff* who seeks relief in equity to enforce an alleged right arising from a particular transaction but who has himself, in the same transaction, been guilty of unconscientious conduct or bad faith. *See*, *Alexander v. Shapard*, 146 Tenn. 90, 240 S.W. 287 (1921). The doctrine has no application in the case at Bar. In this connection we note that Mr. Rodgers was never cited for contempt, and that at the time he filed the petition to modify he was current in his obligation of support. The issue of medical costs was not before the court. Tennessee Code Annotated § 36-5-101(a)(1) mandates that in child support cases the court shall decree an increase or decrease in the amount of the support when there is found to be a substantial change in circumstances. It is not seriously disputed that Mr. Rodgers demonstrated a marked and substantial change in the circumstances of his financial ability to pay support as originally ordered.

The judgment is reversed and the case is remanded. It is not controverted that two of the children have attained their majority. Support for the minor child should be calculated according

-3-

to the Guidelines, based upon the Appellant's income at the time of the hearing. We note that the Appellant has remarried and has two step-children whom he has not adopted, and for whom he has no legal obligation of support.

Costs are assessed to the Appellee, Barbara N. Rodgers Riggs.

                                _____

                                WILLIAM H. INMAN, SENIOR JUDGE